UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM GARAMENDI, | CASE NO.: CV 09-4868 JSW |
| Plaintiff, | **STIPULATED ORDER OF DISMISSAL** |
| vs. | |
| FERNDALE UNIFIED SCHOOL DISTRICT; SUSAN PETERSEN, as an elected official and in her individual capacity; DANETTE LENTZ, as an elected official and in her individual capacity; JOANNE WALTERS, as an elected official and in her individual capacity; and DOES 1-10, | |
| Defendants. | |

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0
STIPULATED ORDER OF DISMISSAL

1  IT IS STIPULATED by and between plaintiff Sam Garamendi, individually, by
2  and through their attorneys, the Harland Law Firm LLP, and Ferndale Unified School
3  District, Susan Peterson, as an elected official and in her individual capacity, Danette
4  Lenz, as an elected official and in her individual capacity and Joanne Walters, as an
5  elected official and in her individual capacity, by and through the Law Offices of
6  Mitchell, Brisso, Delaney & Vrieze, subject to approval of the Court as follows:

7
8  1) All claims presented by the Complaint of plaintiff Sam Garamendi, in the
9  above-entitled matter shall be dismissed with prejudice as to all parties pursuant to Rule
10 41(a) of the Federal Rules of Civil Procedure;

11 2) All parties to bear their own costs and attorneys' fees.
12

13 DATED: 07/21/10          HARLAND LAW FIRM LLP
14

15                          By: /s/ Allison Jackson
16                              Attorneys for Plaintiff

17 DATED: 07/21/10          MITCHELL, BRISSO, DELANEY & VRIEZE
18
                            By: /s/ John M. Vrieze
19                              Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

**STIPULATED ORDER OF DISMISSAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Having reviewed the Release, attached hereto as Exhibit "1" and the facts and circumstances set forth in the Complaint and the Joint Case Management Conference Statement, the Court finds, pursuant to California Government Code §1091(b)(15), attached hereto as Exhibit "2," the Court finds the Settlement Agreement serves the public interest and hereby dismisses the above action with prejudice.

**IT IS SO ORDERED.**

DATED: July 30, 2010

_____
Honorable Judge Jeffrey S. White

MITCHELL, BRISSO,
DELANEY & VRIEZE, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

# EXHIBIT 1

**(Attached to Stipulated Order of Dismissal)**

## RELEASE

**SAM GARAMENDI**, hereafter referred to as "Releasor," has sought damages, fees and costs from based on allegations of violations of his civil rights, breach of contact and state tort claims incurred while and after Releasor was employed as the superintendent/principal with Ferndale Unified School District on July 1, 2007. The factual matters giving rise to the various causes of action are more fully set forth in the Complaint.

Releasor has alleged that the Ferndale Unified School District, Susan Peterson, Danette Lenz, and Joanne Walters, jointly referred to as "Releasees," are legally liable for his damages, which Releasees deny.

Releasor has filed an action in the United States District Court for the Northern District of California, entitled "*Sam Garamendi v. Ferndale Unified School District, et al.*," Case No. CV 094868 JSW for damages arising from the above described employment dispute, which is more thoroughly described in the Complaint filed in this action.

In consideration of the sum gross sum of One Hundred Forty Thousand Dollars ($140,000.00), paid by or on behalf of Releasee Ferndale Unified School District and paid as set forth below, Releasor for himself, his heirs, executors, administrators, and assigns fully releases Releasees, their agents, servants, and

representatives from all claims by reason of any injuries or damages which may have been or may be sustained as a result of the above-described matter.

This settlement is a disputed claim and is not an admission of liability by Releasees.

Releasor waives all rights under §1542 of the California Civil Code which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

This settlement includes all injuries and damages to person and property of Releasor, whether known or unknown, foreseen or unforeseen, and whether such injuries or damages are latent or occur later as a result of the above-described accident.

No promise or inducement has been made other than those set out by this Release. This Release is executed by Releasor without reliance on any representation by Releasees or Releasees' representatives concerning the nature or extent of any injuries or legal liability.

In consideration of the above settlement amount, Releasor waives any claim of costs or attorneys' fees. In further consideration of the above settlement amount, Releasor agrees to pay any and all medical bills, attorney liens, and other third party obligations incurred by Releasor as a result of the above-described

accident, and Releasor agrees to hold harmless and defend Releasees and Releasees' representatives from any such third party claims.

Releasor authorizes payment of the gross consideration of this Release as follows: 1) A check in the amount of Seventeen Thousand Dollars ($17,000) made payable to Sam Garamendi, with a tax form 1099 issued to him by Releasee Ferndale Unified School District, and 2) a check in the amount of Sixty Thousand Dollars ($60,000) to The Harland Law Firm LLP, his attorneys, with a tax forms 1099 issued to it by Releasee Ferndale Unified School District and Northern California ReLIEF/Keenan & Associates for their respective drafts. These payments will be made within 15 days following the filing of the Stipulated Order of Dismissal. At the end of the first month following delivery of the $17,000 payment to Releasor Sam Garamendi, Releasee Ferndale Unified School District will then issue over sixteen (16) consecutive months payments in the amount of $3,937.50 per month, for a total of $63,000.00.

Releasor has read this Release and has had it explained to him by his attorneys. Releasor understands all the terms and their significance. Releasor is satisfied with this settlement and has signed this Release voluntarily.

Executed this 14th day of July, 2010, in San Andreas, CA.

_____
Sam Garamendi

3

RELEASE

The foregoing was executed under my direction and advice.

Date: 7/16/10                The Harland Law Firm LLP

by _____
Allison Jackson, Attorneys for Sam Garamendi

State of California
County of CALAVERAS

On 7-14-10 before me, M. Riggen, notary public, personally appeared SAM GARAMENDI, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature M. Riggen

M. RIGGEN
Commission # 1859198
Notary Public - California
Calaveras County
My Comm. Expires Jul 26, 2013

# **EXHIBIT 2**

**(Attached to Stipulated Order of Dismissal)**

mental state was knowingly possessing financial interest in contracts entered into in his official capacity; however, error was harmless, as definitional instructions expressly advised jury that defendant must not only willfully make contract in which he had financial interest, but that he also had to do so "knowingly." People v. Honig (App. 3 Dist. 1996) 55 Cal.Rptr.2d 555, 48 Cal.App.4th 289, rehearing denied. Criminal Law ⇐ 829(3); Officers And Public Employees ⇐ 122

Public official charged with violation of conflict-of-interest statutes for making official contracts in which he had financial interest was not entitled to have jury instructed in accordance with pattern jury instruction pertaining to sufficiency of circumstantial evidence to prove specific intent or mental state; his knowledge of all facts giving rise to prohibited financial interest in contracts was overwhelmingly established and for most part was conceded in his own testimony, and thus, those facts did not rest substantially upon circumstantial evidence. People v. Honig (App. 3 Dist. 1996) 55 Cal.Rptr.2d 555, 48 Cal.App.4th 289, rehearing denied. Criminal Law ⇐ 814(17)

55. Review

Attorney General opinions concerning conflict of interest provisions, though only advisory, were entitled to considerable weight, given that the Attorney General regularly advised local agencies about conflicts of interest and published a manual designated to assist local governmental agencies in complying with the conflict of interest statutes. Thorpe v. Long Beach Community College Dist. (App. 2 Dist. 2000) 99 Cal.Rptr.2d 897, 83 Cal.App.4th 655, review denied. Statutes ⇐ 219(9.1)

§ 1091. Remote interest of officer or member

(a) An officer shall not be deemed to be interested in a contract entered into by a body or board of which the officer is a member within the meaning of this article if the officer has only a remote interest in the contract and if the fact of that interest is disclosed to the body or board of which the officer is a member and noted in its official records, and thereafter the body or board authorizes, approves, or ratifies the contract in good faith by a vote of its membership sufficient for the purpose without counting the vote or votes of the officer or member with the remote interest.

(b) As used in this article, "remote interest" means any of the following:

(1) That of an officer or employee of a nonprofit entity exempt from taxation pursuant to Section 501(c)(3) of the Internal Revenue Code (26 U.S.C. Sec. 501(c)(3)) or a nonprofit corporation, except as provided in paragraph (8) of subdivision (a) of Section 1091.5.

(2) That of an employee or agent of the contracting party, if the contracting party has 10 or more other employees and if the officer was an employee or agent of that contracting party for at least three years prior to the officer initially accepting his or her office and the officer owns less than 3 percent of the shares of stock of the contracting party; and the employee or agent is not an officer or director of the contracting party and did not directly participate in formulating the bid of the contracting party.

For purposes of this paragraph, time of employment with the contracting party by the officer shall be counted in computing the three-year period specified in this paragraph even though the contracting party has been converted from one form of business organization to a different form of business organization within three years of the initial taking of office by the officer. Time of employment in that case shall be counted only if, after the transfer or change in organization, the real or ultimate ownership of the contracting party is the same or substantially similar to that which existed before the transfer or change in organization. For purposes of this paragraph, stockholders, bondholders, partners, or other persons holding an interest in the contracting party are regarded as having the "real or ultimate ownership" of the contracting party.

(3) That of an employee or agent of the contracting party, if all of the following conditions are met:

(A) The agency of which the person is an officer is a local public agency located in a county with a population of less than 4,000,000.

(B) The contract is competitively bid and is not for personal services.

(C) The employee or agent is not in a primary management capacity with the contracting party, is not an officer or director of the contracting party, and holds no ownership interest in the contracting party.

(D) The contracting party has 10 or more other employees.

(E) The employee or agent did not directly participate in formulating the bid of the contracting party.

(F) The contracting party is the lowest responsible bidder.

(4) That of a parent in the earnings of his or her minor child for personal services.

(5) That of a landlord or tenant of the contracting party.

(6) That of an attorney of the contracting party or that of an owner, officer, employee, or agent of a firm that renders, or has rendered, service to the contracting party in the capacity of stockbroker, insurance agent, insurance broker, real estate agent, or real estate broker, if these individuals have not received and will not receive remuneration, consideration, or a commission as a result of the contract and if these individuals have an ownership interest of 10 percent or more in the law practice or firm, stock brokerage firm, insurance firm, or real estate firm.

(7) That of a member of a nonprofit corporation formed under the Food and Agricultural Code or a nonprofit corporation formed under the Corporations Code for the sole purpose of engaging in the merchandising of agricultural products or the supplying of water.

Additions or changes indicated by underline; deletions by asterisks * * *

(8) That of a supplier of goods or services when those goods or services have been supplied to the contracting party by the officer for at least five years prior to his or her election or appointment to office.

(9) That of a person subject to the provisions of Section 1090 in any contract or agreement entered into pursuant to the provisions of the California Land Conservation Act of 1965.

(10) Except as provided in subdivision (b) of Section 1091.5, that of a director of, or a person having an ownership interest of, 10 percent or more in a bank, bank holding company, or savings and loan association with which a party to the contract has a relationship of borrower or depositor, debtor or creditor.

(11) That of an engineer, geologist, or architect employed by a consulting engineering or architectural firm. This paragraph applies only to an employee of a consulting firm who does not serve in a primary management capacity, and does not apply to an officer or director of a consulting firm.

(12) That of an elected officer otherwise subject to Section 1090, in any housing assistance payment contract entered into pursuant to Section 8 of the United States Housing Act of 1937 (42 U.S.C. Sec. 1437f) as amended, provided that the housing assistance payment contract was in existence before Section 1090 became applicable to the officer and will be renewed or extended only as to the existing tenant, or, in a jurisdiction in which the rental vacancy rate is less than 5 percent, as to new tenants in a unit previously under a Section 8 contract. This section applies to any person who became a public official on or after November 1, 1986.

(13) That of a person receiving salary, per diem, or reimbursement for expenses from a government entity.

(14) That of a person owning less than 3 percent of the shares of a contracting party that is a for-profit corporation, provided that the ownership of the shares derived from the person's employment with that corporation.

(15) That of a party to litigation involving the body or board of which the officer is a member in connection with an agreement in which all of the following apply:

(A) The agreement is entered into as part of a settlement of litigation in which the body or board is represented by legal counsel.

(B) After a review of the merits of the agreement and other relevant facts and circumstances, a court of competent jurisdiction finds that the agreement serves the public interest.

(C) The interested member has recused himself or herself from all participation, direct or indirect, in the making of the agreement on behalf of the body or board.

(16) That of a person who is an officer or employee of an investor-owned utility that is regulated by the Public Utilities Commission with respect to a contract between the investor-owned utility and a state, county, district, judicial district, or city body or board of which the person is a member, if the contract requires the investor-owned utility to provide energy efficiency rebates or other type of program to encourage energy efficiency that benefits the public when all of the following apply:

(A) The contract is funded by utility consumers pursuant to regulations of the Public Utilities Commission.

(B) The contract provides no individual benefit to the person that is not also provided to the public, and the investor-owned utility receives no direct financial profit from the contract.

(C) The person has recused himself or herself from all participation in making the contract on behalf of the state, county, district, judicial district, or city body or board of which he or she is a member.

(D) The contract implements a program authorized by the Public Utilities Commission.

(c) This section is not applicable to any officer interested in a contract who influences or attempts to influence another member of the body or board of which he or she is a member to enter into the contract.

(d) The willful failure of an officer to disclose the fact of his or her interest in a contract pursuant to this section is punishable as provided in Section 1097. That violation does not void the contract unless the contracting party had knowledge of the fact of the remote interest of the officer at the time the contract was executed.

(Stats.1943, c. 134, p. 956, § 1091. Amended by Stats.1951, c. 1553, p. 3535, § 3; Stats.1953, c. 1081, p. 2572, § 2; Stats.1955, c. 1325, p. 2406, § 1; Stats.1957, c. 1499, p. 2825, § 1; Stats.1959, c. 427, p. 2366, § 1; Stats.1963, c. 906, p. 2151, § 1; Stats.1963, c. 1950, p. 4015, § 1; Stats.1968, c. 525, p. 1171, § 1; Stats.1969, c. 825, p. 1653, § 1; Stats.1970, c. 226, p. 476, § 2, eff. June 22, 1970; Stats.1973, c. 459, p. 928, § 1; Stats.1977, c. 706, p. 2264, § 1; Stats.1980, c. 110, § 1, eff. May 20, 1980; Stats.1982, c. 451, p. 1821, § 1; Stats.1984, c. 113, § 1, eff. May 10, 1984; Stats.1987, c. 847, § 1; Stats.1990, c. 565 (A.B.66), § 1; Stats.1990, c. 1593 (S.B.1963), § 1, eff. Sept. 30, 1990; Stats.1991, c. 341 (S.B.1110), § 1, eff. Aug. 5, 1991; Stats.1991, c. 1176 (A.B.2231), § 1; Stats.1996, c. 1133 (S.B.1412), § 1; Stats.1998, c. 687 (S.B.281), § 1, eff. Sept. 22, 1998; Stats.1999, c. 349 (S.B.689), § 1; Stats.2003, c. 701 (S.B.155), § 1; Stats.2004, c. 16 (S.B.1086), § 1, eff. Feb. 23, 2004; Stats.2008, c. 163 (A.B.2801), § 1; Stats.2009, c. 488 (A.B.906), § 1, eff. Oct. 11, 2009.)

Additions or changes indicated by underline; deletions by asterisks * * *